IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN J. HAYS                                                                              PLAINTIFF

    v.                    Civil No. 06-5134

UNITED STATES
MARSHAL'S SERVICE                                                                  DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Steven J. Hays proceeds pro se and in forma pauperis in this action. The complaint is before the undersigned for a determination of whether service of process should issue.

### BACKGROUND

According to the complaint, on or about December 27, 2005, Hays was in the custody of the United States Marshal's Service. At the time, Hays states the Marshal's Service had possession of his legal paper work and personal effects.

Hays maintains the Marshal's Service "lost said paper work by not taking reasonable care of it." Hays indicates he last saw the paperwork on the top floor of the Federal building in Fort Smith, Arkansas.

Hays alleges the Marshal's Service has refused to return the paperwork and therefore should be held liable for the cost of the "regeneration of said paperwork, for not taking reasonable care of it." Hays asserts the cost of hiring a fleet of secretaries, lawyers, and private investigators to regenerate and recover the information is conservatively estimated to be approximately $37,000.

-1-

## DISCUSSION

Hays' claims are subject to dismissal. We first note that § 1983 provides no right of action against federal officials. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Federal officials do not act under color of state law. *See e.g., Parker v. Boyer*, 93 F.3d 445, 448 (8th Cir. 1996)(§ 1983 redresses only injuries caused by exercise of some right or privilege created by state, by rule of conduct imposed by state, or by person for whom state is responsible); *Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir.1986) ("Federal officers acting under federal authority are immune from suit under section 1983").

Rather, a claim that a federal official has violated an individual's constitutional rights is considered a *Bivens* claim. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). The Supreme Court held in *Bivens* that when "a federal agent acting under color of his authority" violates the Constitution, the agent's victim may recover damages against the agent. *Bivens*, 91 S. Ct. at 2001.

A claim against the United States Marshal Service, however, is not cognizable under *Bivens*. "A *Bivens* action . . . is only available against federal officers, not government entities." *Hartje v. F.T.C.*, 106 F.3d 1406, 1408 (8th Cir. 1997). A government entity is not a proper *Bivens* defendant because of sovereign immunity. *Id*. *See also FDIC v. Meyer*, 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994)(*Bivens* does not permit suit against federal agencies or government officers in their official capacities).

AO72A
(Rev. 8/82)

To the extent Hays seeks to assert a claim against an unnamed deputy marshal, the claim also fails. The United States Supreme Court has held that neither the negligent nor intentional random or unauthorized deprivations of property are actionable where a plaintiff has an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).

Here, Hays has such an available remedy. The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, provides a remedy. *CHoPP Computer Corp. v. United States,* 5 F.3d 1344, 1347 (9th Cir. 1993)(conversion claim was not beyond the scope of the FTCA). "[T]he FTCA provides a remedy for torts committed by federal officers." *Hartje v. F.T.C.*, 106 F.3d 1406, 1408 (8th Cir. 1997). The FTCA provides an adequate post-deprivation remedy. *Okoro v. Bohman*, 2001 WL 1098041, *3 (N.D. Ill. Sept. 14, 2001)(FTCA provides an adequate post-deprivation remedy and bars a *Bivens* claim); *Laury v. Greenfield*, 87 F. Supp. 2d 1210, 1214-1215 (D. Kan. 2000).

Before an action under the FTCA can be filed, an administrative claim must be pursued. 28 U.S.C. § 2675. *See also Niccolai v. United States Bureau of Prisons*, 4 F.3d 691 (8th Cir. 1993). Here, Hays must first pursue his administrative claim under the FTCA before he can file suit in federal court.

AO72A
(Rev. 8/82)

## CONCLUSION

Accordingly, I recommend that this case be dismissed on the grounds that the claims are frivolous and fail to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Hays has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Hays is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of October 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)